UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 11-CV-80677-RYSKAMP/VITUNAC

JOSEPH J. FOSTANO,

    Plaintiff,

v.

ALLIED INTERSTATE, LLC.,

    Defendant.
_____/

### ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF PARTIAL JUDGMENT AND PARTIAL FINAL JUDGMENT

**THIS CAUSE** comes before the Court on plaintiff's motion for entry of partial judgment **[DE 8]** entered on July 22, 2011. After reviewing the motion, applicable law, and pertinent portions of the record, it is hereby

**ORDERED AND ADJUDGED** that

(1) Plaintiff's motion for entry of partial judgment **[DE 8]** is **GRANTED**; and

(2) **PARTIAL FINAL JUDGMENT** in favor of the plaintiff, Joseph J. Fostano, and against defendant, Allied Interstate, LLC., with respect to plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. in the amount of $1,250.00 together with interest thereon at the legal rate from the date of this partial Final Judgment, for all of which let execution issue. The Court reserves jurisdiction on the matter of Plaintiff's attorney fees and costs.

**IT IS FURTHER ORDERED AND ADJUDGED** that

(1) Plaintiff's claim under the Telephone Consumer Protection Act is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3);[1]

(2) Any pending motions are **DENIED AS MOOT**; and

(3) The Clerk of Court is directed to **CLOSE THIS CASE**.

**DONE AND ORDERED** in the Southern District of Florida this 9 day of August, 2011.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

---

[1] The Eleventh Circuit has held that "federal courts lack subject matter jurisdiction [over] private actions" brought pursuant to the TCPA. *Nicholson v. Hooters of Augusta, Inc.,* 136 F.3d 1287, 1288-89 (11th Cir. 1998), *modified*, 140 F.3d 898 (11th Cir. 1998); *Mims v. Arrow Fin. Srvcs., LLC*, No. 1012077, 2010 WL 4840430, at * 1 (11th Cir. Nov. 30, 2010) (per curiam). Accordingly, the Court has only supplemental jurisdiction over the TCPA claim. In this order, the Court has disposed of all of the claims over which it has original jurisdiction. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over any remaining claims when it has dismissed all of the claims over which it had original jurisdiction. The Court declines to exercise supplemental jurisdiction over the TCPA claim, which is the only claim pending against the defendant.